Staff v Luen Nam Realty Corp. (2025 NY Slip Op 03548)

Staff v Luen Nam Realty Corp.

2025 NY Slip Op 03548

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 160114/20|Appeal No. 4555|Case No. 2024-03437|

[*1]Evan Staff, Plaintiff-Appellant,
v
Luen Nam Realty Corp., Defendant-Respondent.

The Price Law Firm LLC, New York (Lilly D. Pollak of counsel), for appellant.
Silversmith & Associates Law Firm, PLLC, New York (Robert G. Silversmith of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Eric Schumacher, J.), entered April 30, 2024, which granted defendant landlord's motion for summary judgment dismissing the complaint, and for summary judgment in its favor on its counterclaim for a declaratory judgment that plaintiff tenant was not overcharged for rent (first counterclaim) and on its counterclaim for unpaid rent (second counterclaim) as to liability only, unanimously affirmed, without costs.
The landlord established that the tenant's combined apartment qualifies for first rent. An apartment alteration qualifies for a market rate "first rent" where there has been "reconfiguration plus obliteration of the prior apartment's particular identity" — for example, where two units are combined into one larger apartment (Dixon v 105 W. 75th St. LLC, 148 AD3d 623, 627 [1st Dept 2017], quoting Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191, 194 [1st Dept 2003], lv denied 2 NY3d 705 [2004]). Here, there is no dispute that at some point, apartments 9RH and 10RH were combined into one apartment. Moreover, contrary to the tenant's assertion, the alteration of the apartment to combine the units did not involve simply knocking out an interior wall. Rather, the architectural drawing indicates that rooms and plumbing were reconfigured so that two small one-bedroom units with separate kitchen and bathroom facilities became one two-bedroom unit with a kitchen and bathroom.
Furthermore, the landlord sustained its prima facie burden of establishing that the apartment was legally deregulated before the tenant took occupancy in 2015, and that the tenant was therefore not overcharged for rent. The proper first rent for an apartment combined from two rent-stabilized apartments is the sum of the legal rents for the former apartments (see Rent Stabilization Code [9 NYCRR] § 2501.1[c][1]). The landlord demonstrated that under the first lease for the combined apartment, commencing in 2013, the prior legal rents for 9RH and 10RH were $1,260.00 each, so that the rent for combined apartment 9RH and 10RH was $2,520.00. The Rent Act of 2011, which applies to vacancies arising between June 24, 2011 and June 15, 2015, provides that an apartment was excluded from rent stabilization if it became vacant between those dates and reached a legal rent of $2,500 or more as a result of statutory increases applied after the vacancy (see 191 Realty Associates, L.P. v Tejeda, 65 Misc 3d 150[A], *1 [App Term, 1st Dept 2019]; see also Rent Stabilization Law, former Administrative Code of the City of New York § 26-504.2[a], repealed by L 2019, ch 36).
The landlord also established prima facie entitlement to summary judgment as to liability on its counterclaim for unpaid rent. The landlord's president averred that the landlord had not cashed the tenant's rent checks since September 2019 because of the pending dispute over the apartment's regulatory status and potential overcharge[*2], and the tenant does not dispute this fact. Because the apartment was lawfully deregulated and there was no rent overcharge, the landlord is entitled to the unpaid rent it claims.
We have considered tenant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025